

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 26, 2012

BY FACSIMILE: (212) 805-7990

The Honorable James L. Cott
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1360
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/12
```

Re:  **United States v. Catarina Toumei,**
     **S1\Cr. 560 (DAB) (JLC)**

Dear Judge Cott:

The Government respectfully submits this letter in light of the possibility that the Court will move directly to sentence the defendant in the above-captioned matter at the appearance scheduled for 11:00 a.m. tomorrow. Because the defendant intends to enter a guilty plea to a Class B misdemeanor, as set forth in the parties' plea agreement, pursuant to United States Sentencing Guidelines ("Guidelines") Section 1B1.9, the Guidelines do not apply to the offense charged in the Superseding Misdemeanor Information. Nonetheless, because the charged offense carries a statutory maximum term of imprisonment of 6 months, the Court may impose a sentence within a range of 0 to 6 months' imprisonment. The Government respectfully submits that a sentence within the applicable range of 0 to 6 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

**Background: The Offense Conduct**

As detailed at length in the criminal complaint, a copy of which has been separately provided to the Court, the defendant represented herself to be the legal representative of two separate individuals, "David B. Guggenheim" (a/k/a David Birnbaum) and "Vladimir Z. Guggenheim" (a/k/a Vladimir Zuravel) – both of whom, in turn, gave the impression to this defendant and to others that they were members of the famous American philanthropic Guggenheim family. Based on various representations by these men, the defendant attempted to solicit money from wealthy individuals by promoting investment opportunities in deals that either outright did not exist or were nowhere near as grandiose as presented. In connection with her work as the purported legal representative of these men, the defendant, among other things, used the "Guggenheim" surname, sent printed material to potential investors bearing

The Honorable James L. Cott, U.S.M.J.
July 26, 2012
Page 2 of 3

unauthorized copies of a trademarked "Guggenheim" logo (which has a distinctive purple color and block-type font) to suggest an affiliation with certain Guggenheim financial entities, and used Internet website and e-mail addresses containing the "Guggenheim" name in connection with these purported multi-million and multi-billion-dollar investment opportunities in products such as crude oil, bank guarantees, diamonds, gold and art. Ultimately, due diligence by potential investors revealed that Birnbaum and Zuravel were not, in fact, members of the renown Guggenheim family and, in fact, no deals were ever consummated.

On November 22, 2010, Guggenheim Capital, LLC and Guggenheim Partners, LLC, two financial entities connected to the famous Guggenheim family, filed a civil action in the United States District Court for the Southern District of New York, seeking, among other things, to enjoin the defendant, as well as Birnbaum and Zuravel, from using the Guggenheim family name and certain associated trademarks to solicit funds and to promote investment opportunities. On that date, the Honorable Victor Marrero, in his capacity as Part I Judge, issued an Order enjoining the trio from using the Guggenheim name to engage in any other business transactions. Thereafter, the defendant continued to aid and abet the use by David Birnbaum and Vladimir Zuravel of the "Guggenheim" family surname and certain associated trademarks, in direct violation of the Order issued by Judge Marrero. Moreover, certain representations that were made by or on behalf of these men would otherwise constitute wire fraud.

**Sentencing Factors and Analysis**

Pursuant to Title 18, United States Code, Section 3553(a), a court shall impose a sentence after considering seven factors: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall v. United States, 128 S. Ct. 586, 596 & n.6 (2007). In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

The Honorable James L. Cott, U.S.M.J.
July 26, 2012
Page 3 of 3

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

      The Government respectfully submits that a sentence within the range of 0 to 6 months' imprisonment is entirely appropriate. Indeed, two of Section 3553(a)'s objectives, specifically, the need to reflect the seriousness of the offense, to promote a respect for the law, and to provide just punishment for the offense, see 18 U.S.C. § 3553(a)(2)(A), and the need to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B), support such a sentence here.

      From an individual perspective, the nature and circumstances of the offense, as well as the history and characteristics of the defendant, provide sound reason for this Court to adhere to this range. One of the purposes of sentencing identified at 18 U.S.C. § 3553(a)(2) is "to afford adequate deterrence," and a sentencing factor to consider under § 3553(a) is "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1). The instant offense represents the defendant's first known arrest and conviction. As such, a sentence within the applicable range is likely to deter this defendant from engaging in future criminal activity, and may also have broader, general deterrent effects. Moreover, such a sentence would also be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote a respect for the law, and to provide just punishment for the offense, see 18 U.S.C. § 3553(a)(2)(A).

      For the foregoing reasons, the Government respectfully submits that a sentence within the range of 0 to 6 months' imprisonment is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

                                                                           Respectfully submitted,

                                                                            PREET BHARARA
                                                                            United States Attorney

                                   By:    _____
                                                           Christopher D. Frey
                                                          Assistant U.S. Attorney
                                                          (212) 637-2270

cc:    Jan Ronis, Esq. (By E-Mail)
        Gretchen von Helms, Esq. (By E-mail)